IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 4:22-cr-00604-RLW-1 |
| ) | |
| JASON W. FINE, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM IN SUPPORT OF MOTION TO
CORRECT WRITTEN SENTENCING JUDGEMENT**

Jason W. Fine hereby files his memorandum in support of his motion.

**Factual Background**

***Sentencing***

During Mr. Fine's March 15, 2023 sentencing, this Court and the parties had the following discussion at sidebar:

    MS. ANDERSON:  The 3013 assessment I believe is limited to $5,000 per count.  The 2259A assessment, which is the Amy, Vicki, Andy Act, is capped at $35,000 so I don't think - -

    THE COURT:  Well, that was the recommendation I got from probation.

    MS. ANDERSON:  Oh, okay.

-1-

THE COURT:  If you want to speak with her directly and then re-present it to me, I can amend it.

MS. ANDERSON:  Okay. Yes, let me speak to her.

THE COURT: Because I didn't just make that up.

MS. ANDERSON:   That makes sense yes.

THE COURT:  Okay.

(After a brief discussion with Ms. Anderson,

  the probation officer approached sidebar.)

THE COURT: Yes, ma'am.

PROBATION OFFICER: It was in addition to the $5,000.

THE COURT: Did you have $5,000 in the sentencing recommendation? I don't see it.

I have $50,000 as a fine. I don't see $5,000 anywhere.

PROBATION OFFICER: That might have been a mistake on my part. But I have verified that it is supposed to be in

addition to.

THE COURT: So it would be $40,000 for one of them and then $5,000 for the other?

MS. ANDERSON: The 18 U.S.C. § 2259A assessment is capped at $35,000. That's the most the Court can do.

Then under the 18 U.S.C. § 3014 assessment, the JVTA, it's capped at $5,000 per count. So the most the Court could do would be $10,000 on that.

And, most importantly, it would be $45,000 under both of those special assessments.

THE COURT: Well, can you give me an amended recommendation?

PROBATION OFFICER: Yes.

THE COURT: Then we can put that in my Sentencing Order.

PROBATION OFFICER: Yes, I will do them both.

THE COURT: Okay. Then that will correct your amounts.

PROBATION OFFICER: Yes, I will do that.

THE COURT: All right. Sorry about that.

MR. DAVIS: May I ask that instead of increasing it to $45,000, to just order $5,000 on the one count and it remains $40,000?

Obviously, the syntax is going to have to be amended. I mean if we're going to add another $5,000, maybe we should go back on the record so he can hear that.

>           MS. ANDERSON: ***I'm fine with $40,000; $35,000 under AVAA and $5,000 under JVTA.***
>
>           THE COURT: I think he has the headphones on and he can hear that.
>
>           MR. DAVIS: All right.
>
>           MS. ANDERSON: Whatever the Court wants to do.
>
>           THE COURT: I mean we can go back on the record to say it, but I believe he's listening to this.
>
>           MR. DAVIS: Yes. Then no need. I didn't realize he had the headphones on.
>
>           THE COURT: Yes, I noticed that before.
>
>           All right. You can step back.

(Sentencing Transcript, pp. 36-39) (emphasis added).

### *Written Judgment*

On page 7 of the written judgment under CRIMINAL MONETARY PENALTIES this Court assessed Mr. Fine the following criminal penalties: (1) a special assessment of $200.00; (2) a fine of $50,000.00; (3) an AVVA Assessment of $35,000.00; and (4) a JVTA Assessment of **$10,000.00.** (Doc. 42) (emphasis added).

## Court's Authority

Federal Rule of Criminal Procedure 36, in its entirety, states:

After giving any notice it considers appropriate, the court may at any time correct a clerical error in judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission.

Rule 36 authorizes a court to correct a clerical error in a judgment at any time. *See United States v. McAfee*, 832 F.2d 944, 946 (5th Cir. 1987) (pursuant to Rule 36, sentencing court corrected written judgment to reflect its original, unstated, but discernable, intent that sentences were consecutive). Furthermore, "[t]e oral pronouncement by the sentencing court is the judgment of the court." *United States v. Mays*, 993 F.3d 607, 622 (8th Cir. 2021) (citation omitted). "Where an oral sentence and the written judgment conflict, the oral sentence controls." *United States v. Foster*, 514 F.3d 821, 825 (8th Cir. 2008) (citation omitted). "[T]he portion of the written judgment 'that is broader than the oral version is void.' " *Mays*, 993 F.3d at 622 (citation omitted).

## Reason for Granting Motion

A review of the above sentencing discussion concerning the monetary penalties under the AVAA and JVTA to be assessed against Mr. Fine indicate that this Court's intent was to assess him a $35,000.00 penalty under the AVAA and a $5,000.00 penalty under the JVTA. Given that this Court's oral pronouncement of Mr. Fine's sentence controls, this Court should correct the written judgment

under Criminal Monetary Penalties, to reflect the oral pronouncement. Specifically, the JVTA assessment of $10,000.00 should be reduced to $5,000.00.

    WHEREFORE, for the foregoing reasons, Mr. Fine prays this Court to correct the written judgment to reflect its oral pronouncement that the JVTA assessment is $5,000.00, and not $10,000.00.

                                      Respectfully submitted,

                                      LAW & SCHRIENER, LLC

                                      By:  *Kevin L. Schriener*
                                              Kevin L. Schriener 35490MO
                                              231 S. Bemiston Avenue, Ste 800
                                              Clayton, Missouri 63105
                                              (314) 721-7095 – telephone
                                              kschriener@SchrienerLaw.com

## Certificate of Service

I hereby certify that I filed the foregoing memorandum with the Clerk of the United States District Court for the Eastern District of Missouri to be served by operation of the Court's electronic filing system upon all parties of record this 7th day of April, 2023.

*/s/ Kevin L. Schriener*
KEVIN L. SCHRIENER