UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 4:22-CR-604 RLW |
| v. ) | |
| ) | |
| JASON W. FINE, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This closed criminal case is before the Court on Defendant's Motion to Correct Written Sentencing Judgement [sic] (ECF No. 61), filed pursuant to Rule 36 of the Federal Rules of Criminal Procedure. The United States filed a response (ECF No. 67). Defendant did not file a reply and the time to do so has passed, so the matter is ready for decision. For the following reasons, Defendant's motion is denied.

**Background**

Defendant Jason W. Fine entered a plea of guilty on November 1, 2022, to charges of Soliciting Child Pornography in violation of Title 18, United States Code, Section 2252A(a)(3), and Receiving Child Pornography in violation of Title 18, United States Code, Section 2252A(a)(3). On March 15, 2023, the Court sentenced Defendant to a total term of imprisonment of 132 months, and a lifetime term of supervised release. See Judgment (ECF No. 42 at 2, 3). The Court imposed a fine of $50,000.00, a special assessment of $200.00, an assessment under the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, 18 U.S.C. § 2259 ("AVAA") of $35,000.00, and an assessment under the Justice for Victims of Trafficking Act of 2015, 18 U.S.C. § 3104 ("JVTA") of $10,000.00. See Judgment in a Criminal Case (ECF No. 42 at 7).

The AVAA provides that "the court shall order restitution for any offense under this chapter" and "shall direct the defendant to pay the victim . . . the full amount of the victim's losses." 18 U.S.C. §§ 2259(a), (b)(1). "A court may not decline to issue an order under [§ 2259] because of . . . the economic circumstances of the defendant" or "the fact that a victim has, or is entitled to, receive compensation for his or her injuries from the proceeds of insurance or any other source." Id. § 2259(b)(4)(B)(i).  Thus, restitution is mandatory under the AVAA for child pornography offenses.

The JVTA "requires that 'the court shall assess an amount of $5,000 on any non-indigent person . . . convicted of an offense under . . . chapter 110 (relating to sexual exploitation and other abuse of children)[.]" 18 U.S.C. § 3014(a). "[T]he mandatory language of § 3014 excludes discretionary decisions by the court once non-indigence has been determined." United States v. Kelley, 861 F.3d 790, 801 (8th Cir. 2017).

**Legal Standard**

Rule 36 of the Federal Rules of Criminal Procedure provides a mechanism for the correction of clerical errors in a judgment. The Rule states:

> After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission.

Rule 36, Fed. R. Crim. P.

"The oral pronouncement by the sentencing court is the judgment of the court." United States v. Mays, 993 F.3d 607, 622 (8th Cir. 2021) (quoting United States v. Tramp, 30 F.3d 1035, 1037 (8th Cir. 1994)). "Rule 36 authorizes a court to correct a clerical error in a judgment at any time. See United States v. McAfee, 832 F.2d 944, 946 (5th Cir. 1987) (pursuant to Rule 36, sentencing court corrected written judgment to reflect its original, unstated, but discernable, intent that sentences were consecutive)." Tramp, 30 F.3d at 1037. However, "Rule 36 does not authorize a district court to *modify* a sentence at any time." Id. (footnote omitted). "An authorized correction, pursuant to Rule

2

36, may clarify a sentence, unclear in written form, that is clear when the record is examined as a whole." Tramp, 30 F.3d at 1037 (cited case omitted). "If the actual verbal judgment is ambiguous, the intent of the sentencing court may be construed from the entire sentencing pronouncement." Id. (citing cases). "Mere 'impreciseness of language will not negate the court's obvious intent.'" Id. (quoting United States v. Raftis, 427 F.2d 1145, 1146 (8th Cir. 1970)).

**Discussion**

Defendant's motion states that the Judgment entered in the case does not "conform with the oral pronouncement of the sentence as to amount of the JVTA Assessment." (ECF No. 61 at 1.) Defendant quotes from the sentencing transcript and asserts that the portion concerning monetary penalties under the AVAA and JVTA "indicate[s] that the Court's intent was to assess him a $35,000.00 penalty under the AVAA and a $5,000.00 penalty under the JVTA." (ECF No. 62 at 5.) Defendant's motion asks the Court to correct the written judgment to reflect its oral pronouncement that the JVTA assessment is $5,000.00, not $10,000.00. (Id. at 6.)

The Government responds that during the sentencing hearing, after discussions at sidebar in which the Defendant participated by headphones, it was clear that the Court was aware the mandatory assessment under the AVAA was up to $35,000, and the mandatory assessment under the JVTA was $5,000 per count, totaling $10,000 for the two counts of conviction.[1] (ECF No. 67 at 1.) The Government states that the Court and defense counsel ensured Defendant could hear the record being made at sidebar, and defense counsel agreed there was no need to go back on the public record. (Id. at 1-2.) The Government further responds, however, that as the Assistant United States

---

[1] The Third and Ninth Circuits hold that the JVTA requires a $5,000 assessment for each qualifying conviction. See United States v. Johnman, 948 F.3d 612, 621 (3d Cir. 2020), cert. denied, 141 S. Ct. 1047 (2021); United States v. Randall, 34 F.4th 867, 877 (9th Cir. 2022). The Second Circuit, however, has held that the assessment applies on a per-case basis, not a per-count basis. United States v. Haverkamp, 958 F.3d 145 (2d Cir. 2020). The Eighth Circuit does not appear to have addressed the issue. The United States takes the position in this case that the JVTA applies on a per-count basis, and Defendant has not contested this. The Court assumes, without deciding, that the JVTA applies on a per-count basis.

3

Attorney stated on the record at the time of sentencing, it "does not contest a judgment ordering the defendant to pay a total of $40,000 in special assessments: $5,000 under [the JVTA] and $35,000 under [the AVAA]." (Id. at 2.) The Government states that it defers to the Court regarding Defendant's motion to correct the written judgment. (Id.)

The Court's intent as expressed on the record as a whole was to impose the $5,000 JVTA statutory assessment on each count of Defendant's conviction, and the $35,000 maximum AVAA assessment. The Court first stated that Defendant "shall pay to the United States an additional special assessment of $40,000 pursuant to 18 U.S.C. Section 3014." (Sent Tr., ECF No. 58 at 34:1-3.) After the Court inquired if either party had any objections to the Court's findings of fact, conclusions of law, or to the manner in which the sentence was pronounced, the Assistant United States Attorney asked a question for clarification:

> MS. ANDERSON: No objection, Your Honor. I did want to clarify. On the $40,000 assessment, is that for both the JVTA, the 3014, as well as the AVAA, which is the 2259A section?
>
> THE COURT: It was $40,000 for one of them.
>
> MS. ANDERSON: Okay.
>
> THE COURT: Just one of them.
>
> MS. ANDERSON: Just one. Okay.
>
> THE COURT: The sentence will be imposed as stated. Ms. Anderson, is there anything further from the Government?
>
> MS. ANDERSON: No, sir. Thank you.

(Id. 34:20-35:6.) Subsequently, the Assistant U. S. Attorney asked for permission to approach the bench for a sidebar discussion.

**COUNSEL APPROACHED SIDEBAR**:

> MS. ANDERSON: The 3013 [sic] assessment I believe is limited to $5,000 per count. The 2259A assessment, which is the Amy, Vicki, Andy Act, is capped at $35,000 so I don't think –

4

THE COURT: Well, that was the recommendation I got from probation.

MS. ANDERSON: Oh, okay.

THE COURT: If you want to speak with her directly and then re-present it to me, I can amend it.

MS. ANDERSON: Okay. Yes, let me speak to her.

THE COURT: Because I didn't just make that up.

MS. ANDERSON: That makes sense, yes.

THE COURT: Okay.

(After a brief discussion with Ms. Anderson, the probation officer approached sidebar.)

THE COURT: Yes, ma'am.

PROBATION OFFICER: It was in addition to the $5,000.

THE COURT: Did you have $5,000 in the sentencing recommendation? I don't see it.

I have $50,000 as a fine. I don't see $5,000 anywhere.

PROBATION OFFICER: That might have been a mistake on my part. But I have verified that it is supposed to be in addition to.

THE COURT: So it would be $40,000 for one of them and then $5,000 for the other?

MS. ANDERSON: The 18 U.S.C. § 2259A assessment is capped at $35,000. That's the most the Court can do.

Then under the 18 U.S.C. § 3014 assessment, the JVTA, it's capped at $5,000 per count. So the most the Court could do would be $10,000 on that.

And, most importantly, it would be $45,000 under both of those special assessments.

THE COURT: Well, can you give me an amended recommendation?

PROBATION OFFICER: Yes.

THE COURT: Then we can put that in my Sentencing Order.

PROBATION OFFICER: Yes, I will do them both.

5

>THE COURT: Okay. Then that will correct your amounts.
>
>PROBATION OFFICER: Yes, I will do that.
>
>THE COURT: All right. Sorry about that.

(ECF No. 58, 36:17-38:7).

It is clear from this exchange that the Court's initial imposition of the AVAA and JVTA special assessments in the amount of $40,000 was erroneous, and was based on incorrect information in the sentencing recommendation prepared by the probation officer. The Assistant U.S. Attorney brought this to the Court's attention and informed the Court that the 18 U.S.C. § 2259A assessment "is capped at $35,000" and the "18 U.S.C. § 3014 assessment, the JVTA, it's capped at $5,000 per count," and "most importantly, it would be $45,000 under both of those special assessments." Upon hearing this information, the Court directed the Probation Officer to prepare an amended sentencing recommendation, which would then be "put in my Sentencing Order," i.e., the Judgment, and that would "correct your amounts."

This pronouncement reflects the Court's intent to impose the maximum assessment of $35,000 under 18 U.S.C. § 2259A, and $5,000 per count under 18 U.S.C. § 3104. If the Court had intended to impose a total special assessment of $40,000, consisting of $35,000 under the AVAA and $5,000 under the JVTA, it would have corrected the assessments correspondingly, but it did not do so.

Defense counsel then made a request concerning the assessments:

>MR. DAVIS: May I ask that instead of increasing it to $45,000, to just order $5,000 on the one count and it remains $40,000?
>
>>Obviously, the syntax is going to have to be amended. I mean *if we're going to add another $5,000*, maybe we should go back on the record so he can hear that.
>
>MS. ANDERSON: I'm fine with $40,000; $35,000 under AVAA and $5,000 under JVTA.
>
>THE COURT: I think he has the headphones on and he can hear that.

6

>    MR. DAVIS: All right.
>
>    MS. ANDERSON: Whatever the Court wants to do.
>
>    THE COURT: *I mean we can go back on the record to say it, but I believe he's listening to this*.
>
>    MR. DAVIS: *Yes. Then no need. I didn't realize he had the headphones on.*
>
>    THE COURT: Yes, I noticed that before.  All right. You can step back.

(ECF No. 58, 38:8-25) (italics added).

After defense counsel requested that the special assessment be limited to $40,000, he immediately pivoted and stated "if we're going to add another $5,000, maybe we should go back on the record so [Defendant] can hear that." This request reflects defense counsel's understanding that the Court had changed its pronouncement and imposed a new total special assessment under the AVAA and JVTA of $45,000.[2]

The Court did not state that it would grant Defendant's request to impose a $40,000 special assessment, though it also did not expressly deny the request. Instead, the Court focused on whether Defendant had been able to hear the Court's pronouncement that the special assessment would be comprised of $35,000 under the AVAA and $5,000 on each count of conviction under the JVTA. This is manifested by the Court's statement, "I think he has the headphones on and he can hear that." The Court added it could go "back on the record to say it," i.e., to state that the special assessment would be $35,000 under the AVAA and a total of $10,000 under the JVTA, but it believed the Defendant had been listening to the sidebar discussion with headphones. Defense counsel recognized that Defendant had indeed heard the discussion, and then stated there was no need to go back on the record. This reveals that defense counsel recognized the Court had implicitly denied his request to limit the special assessment to $40,000.

---

[2]Defendant is now represented by a different attorney than he was at the time of sentencing.

7

The language Defendant now cites as evidence that the Court actually imposed a special assessment totaling $40,000 is the following remark made by the Assistant U. S. Attorney: "I'm fine with $40,000; $35,000 under AVAA and $5,000 under JVTA." (ECF No. 62 at 4, quoting ECF No. 59, 38:14-15). The Court made no response to this remark and instead observed, "I think [Defendant] has the headphones on and he can hear that," which indicates its continued focus on the issue of whether Defendant had heard the Court pronounce the increased special assessment totaling $45,000, or whether it would be necessary to go back on the record to do so. (Id. 38:16-25.) Once the Court was satisfied that Defendant had heard the assessments pronounced, it declared the hearing concluded. (Id. 38:22-39:4.)

**Conclusion**

For the foregoing reasons, the record does not support Defendant's assertion that the Court's oral pronouncement of Defendant's AVAA and JVTA special assessments was different than the AVAA and JVTA assessments shown on the written Judgment in a Criminal Case (ECF No. 42 at 7). As such, there was no clerical error and Defendant's Motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Correct Written Sentencing Judgement [sic] (ECF No. 61) is **DENIED**.

                                                      **RONNIE L. WHITE**
                                                      **UNITED STATES DISTRICT JUDGE**

Dated this 9th day of May, 2023.